IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY GRACE, by and through his next friend, Kathy Grace | } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No. 2:05-CV-1482-RDP |
| PALM HARBOR HOMES, INC., et al., | } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

The universe is filled with profound mysteries:  What wins out – the irresistible force or the immovable object?  Who constructed Stonehenge, and how?  Did Atlantis ever really exist as Plato suggests in his two dialogues *Timaeus* and *Citius*?  Why did Coke change its formula?  What is another word for "thesaurus?"  If Superman could stop bullets with his chest, why did he always duck when a villain threw a gun at him?  But the court cannot concern itself with these perplexing questions now because Defendant has filed a motion that presents an even greater mystery:  Why does Defendant Palm Harbor Homes, Inc. continue to litigate the question of whether Kathy Grace can assume "next friend" status and appear in this case solely in a representative capacity?

Palm Harbor Homes, Inc.'s ("Palm Harbor") Motion for Partial Summary Judgment (Doc. # 15) was filed October 26, 2005.  The motion has been fully briefed and was under submission as of November 14, 2005.  (Doc. # 5).  The only issue before the court on summary judgment is whether Kathy Grace should be allowed to bring suit in a representative capacity as the "next friend" of Plaintiff Sidney Grace.  Defendant maintains that there is no evidence to suggest that Sidney Grace suffers from a legal disability and therefore, Kathy Grace cannot proceed as his representative

in this action. For the reasons outlined below, the court finds that Defendant's motion for partial summary judgment is due to be denied.

I.      **Legal Standards for Evaluating a Summary Judgment Motion**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See Id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

II.     **Relevant Undisputed Facts**[1]

The original complaint filed by Plaintiff Sidney Grace asserted claims on his own behalf without a representative. (Doc. # 1). On September 30, 2005, Plaintiff filed a motion for leave to amend his complaint to allow "Kathy Grace with Power of Attorney for Sidney Grace to be added as a Plaintiff." (Doc. # 9). Plaintiff's motion averred that Kathy Grace, Plaintiff's wife, has power of attorney for Plaintiff and is "more competent" than he to handle this civil action. (Doc. # 9). Palm Harbor objected to the motion, and a telephonic hearing was held on October 5, 2005. After hearing argument from both sides, the court granted Plaintiff's motion and allowed Kathy Grace to proceed as "next friend" for Plaintiff, although the court modified the style proposed by Plaintiff to reflect that Sidney Grace is the only real party in interest pursuant to Federal Rule of Civil Procedure 17, while Kathy Grace, as his attorney-in-fact, merely serves in a representative capacity. (Doc. # 11, citing *Morgan v. Potter*, 157 U.S. 195, 198 (1895) ("It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another. The suit must be brought in the name of the infant, and not in that of the next friend."). Apparently dissatisfied with the court's decision, Palm Harbor now has moved for partial summary judgment on the same issue.

In opposition to summary judgment, Plaintiff presented evidence of a notarized document, signed by both Sidney Grace and Kathy Grace on July 6, 2004, that contains the following language: "I, Sidney V. Grace residing at 3935 Gadsden Blantsville Rd Walnut Grove AL, do hereby appoint

---

[1] If facts are in dispute, they are stated in the manner most favorable to the Plaintiff. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

Kathy L. Grace as my ATTORNEY-IN-FACT.  She has my permission to act on my behalf.  This power of attorney shall become effective immediately." (Doc. # 16, Ex. A) (hereinafter the "Grace POA").

### III.     Applicable Substantive Law and Discussion

It is undisputed that Sidney Grace is the only real party in interest in this case pursuant to Federal Rule of Civil Procedure 17.[2]  Thus, the only issue for the court to decide (again) is whether Kathy Grace can legally proceed as the representative of Sidney Grace, the sole Plaintiff in this action.  The court finds (again) that she can.

Under Rule 17, the capacity of a representative to bring suit on behalf of another is determined by the law of the state in which the federal district court is held.  Fed. R. Civ. P. 17(b); *Danos v. Waterford Oil Co.*, 266 F.2d 76, 77-78 (5th Cir. 1959).[3]  In this case, Kathy Grace has presented evidence that Sidney Grace has granted her a general power of attorney to "act on [his] behalf." (Doc. # 16, Ex. A).  It is well established in Alabama that powers of attorney will be strictly construed, restricting powers to those expressly granted and those incidental powers that are necessary to effectuate expressed powers.  *Sevigny v. New South Federal Sav. and Loan Ass'n*, 586 So.2d 884, 886 (Ala. 1991).  In this case, however, Sidney Grace has not placed any limitations on the power of attorney he granted to his wife – there are no powers expressly granted to which the

---

[2] Palm Harbor inexplicably points to Rule 17(a), which requires that "[e]very action shall be prosecuted in the name of the real party in interest" except in certain enumerated exceptions which do not apply to this case.  (Doc. # 17, at 3).  Rule 17(a) is not implicated in this case given that Plaintiff's amended complaint – as modified by the court's October 6, 2005 order – is brought only in the name of Plaintiff, with Kathy Grace merely in a representative capacity.

[3] *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).

power of attorney is restricted. Under Alabama law, an appointed attorney-in-fact has the capacity to bring legal action on behalf of the donor if authorized by the power of attorney. *See, e.g., Miller v. Jackson Hospital and Clinic*, 776 So.2d 122, 125 (Ala. 2000).[4] To be an effective grant of the power to sue on the donor's behalf, the power of attorney writing need not "predict the future and [] list every cause of action or legal proceeding that might become necessary." *Miller*, 776 So.2d at 124-25. Accordingly, even though the Grace POA does not specifically grant Kathy Grace the right to bring a representative suit, she has capacity to bring this lawsuit on her husband's behalf because that right is included implicitly in the general grant to "act on [Sidney Grace's] behalf."

Palm Harbor asserts, without additional argument, that the Grace POA "is not a valid durable power of attorney because it does not contain language required by Ala. Code § 26-1-2(a)." (Doc. # 17, at 2). Before making that argument, it should have read the statute. Section 26-1-2(a) provides:

> "A durable power of attorney is a power of attorney by which a principal designates another his or her attorney in fact or agent in writing and the writing contains the words 'This power of attorney shall not be affected by disability, incompetency, or incapacity of the principal' or 'This power of attorney shall become effective upon the disability, incompetency, or incapacity of the principal' **or similar words showing the intent of the principal that the authority conferred shall be exercisable notwithstanding the principal's subsequent disability, incompetency, or incapacity**."

Ala. Code § 26-1-2(a) (emphasis added). Contrary to Palm Harbor's argument, a durable power of attorney need not contain "magic words" to be effective under Alabama law – it need only communicate that "the power is unaffected by subsequent incompetence of the donor." *Miller*, 776

---

[4] Plaintiff's citation to a Second Circuit case which held that "a power of attorney does not enable the grantee to bring suit in her own name" cuts no ice at all. (Doc. # 17, at 3) (citing *Advanced Magnetics, Inc. v. Bayfron Partner, Inc.*, 106 F.3d 11, 18 (2nd Cir. 1997). As noted above, Plaintiff's amended complaint is brought only in the name of Plaintiff, not in the grantee's name.

So.2d at 125 (finding that power of attorney language indicated that the power "was to be effective immediately" and therefore was not dormant until the donor became incompetent). The Grace POA specifies that it is "effective immediately," (Doc. # 16, Ex. A), and without regard to disability, incompetency or incapacity. Thus, the court finds the Grace POA to be valid and effective under Ala. Code § 26-1-2.

Palm Harbor's focus on the lack of evidence of Plaintiff's incompetence completely misses the mark. Citing *Lonchar v. Zant*, 978 F.2d 637, 640 (11th Cir. 1992) and *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999), Palm Harbor maintains that "[u]nless it is affirmatively proven by admissible evidence that Sidney Grace is incompetent, Kathy Grace cannot be allowed to represent Sidney Grace's interests in this action." (Docs. # 15, 17). Unfortunately for Palm Harbor, *Lonchar* and *Haley* are inapplicable to the facts of this case. The Eleventh Circuit's pronouncement in *Haley* that "the would-be next friend must first prove that the real party in interest cannot pursue his own cause due to some disability" applies exclusively to next friend standing **in habeas corpus cases** under the provisions of 28 U.S.C. § 2254. *Lonchar* and *Haley* are not controlling in this non-habeas corpus case – Rule 17 is. As noted earlier, pursuant to Rule 17(b), **state law** determines the capacity of Kathy Grace to bring suit on behalf of her husband. Because the Grace POA does not require Sidney Grace to be incompetent or otherwise disabled before it is triggered, "[t]he absence of evidence indicating [Sidney Grace] is incompetent is inconsequential." *Miller*, 776 So.2d at 125.[5]

---

[5] Palm Harbor's interpretation of Rule 17 is also off base. Palm Harbor's assertion that "[t]he operative procedural rule, FRCP 17(c), allows next friend representative status only where the real party in interest is an 'infant or incompetent person'" ignores Rule 17(b), which clearly provides that state law determines when a representative has the capacity to sue. Although Rule 17(c) does allow a representative to proceed on behalf of an infant or incompetent person, Rule 17(b) makes clear that the ability to sue as next friend is not exclusive to those scenarios.

Accordingly, pursuant to the durable power of attorney executed by Sidney Grace, the court finds (finally) that Kathy Grace has the power to proceed in this lawsuit a representative capacity on Mr. Grace's behalf.

**IV.     Conclusion**

For the reasons stated above, Defendant's motion for partial summary judgment is due to be denied.  A separate order will be entered.

**DONE** and **ORDERED** this ____17th____ day of November, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE